## PHILADELPHIA LOAN CO. v. AMIES.

### April 20, 1839.

*Rule to show cause why plaintiff should not take money out of court.*

1. An irregularity in plaintiff's ordering his *fieri facias* to be made returnable at a particular day, cannot be taken advantage of by a subsequent execu-

[Philadelphia Loan Company v. Amies.]

tion creditor, on the distribution of the proceeds of the sheriff's sale of defendant's personal property, so as to give priority to the fund to the subsequent execution creditor.

2. Nor will the issuing of an attachment of execution under the act of 16th June, 1836, after a *fieri facias* has been issued by the plaintiff in a judgment on which a levy has been made, be held, at the instance of a subsequent execution creditor, to be a waiver of the lien of the *fieri facias* or of the right of the plaintiff to receive his debt out of the proceeds of the sheriff's sale.

3. These irregularities will be relieved against at the instance of the *defendant* in the execution.

IN this case, the plaintiffs had issued a *fieri facias* on the 31st day of August, 1838. The next return day was the first Monday of September, being the first day of September term, 1838, but the plaintiffs, by their *præcipe*, made the *fieri facias* returnable on the first Monday of October, 1838, being a monthly return day under the act of the 28th March, 1835, relating to this court. The *fieri facias* was delivered to the sheriff, who levied on personal property of the defendant. Next in order, one Lennig issued a *fieri facias* against the same defendant, on which the sheriff levied on the same property, subject to the prior levy. The plaintiffs (Loan Company) then issued an attachment of execution, under the act of 16th June, 1836, relating to executions. (*Stroud's Purd. tit. Execution.*) The sheriff sold the property, returned both writs of *fieri facias* " levied and sold," setting forth the amount of sale, and the dates of the respective levies, and paid the proceeds into court. The plaintiffs then obtained a rule to show cause why they should not take out of court the amount of their debt, &c. The subsequent execution creditor (Lennig) opposed the making of this rule absolute. The defendant did not appear in the matter in any way.

On the hearing of the rule,

*Fallon*, for Lennig, argued, 1. That the issuing and execution of the *fieri facias* by the plaintiffs (Loan Company) was void *ab initio*, it having been issued before the return day of September term, (*i. e.* the first Monday of September,) and was made returnable to the first Monday of October. *Act of* 28*th March*, 1835, and *Act of* 16*th June*, 1836. 2. That the issuing of an attachment of execution after levy on the *fieri facias*, and before sale, was a waiver of plaintiffs' levy, and was an election of exe-

[Philadelphia Loan Company v. Amies.]

cution on the writ of attachment, and Lennig, therefore, had a preference to the money in court.

*Whitman,* contra.

The counsel cited Young *v.* Taylor, 2 *Binn.* 218; 2 *Browne's R.* 144; Ingham *v.* Snyder, 1 *Whart.* 123; Coleman *v.* Mansfield, 1 *Miles* 56; 12 *S. & R.* 37; 2 *Rawle* 282; 3 *Rawle* 344; 4 *Rawle* 366, 380; 3 *W. C. C. R.* 60; *Act of* 16*th June,* 1836, *sect.* 20; *Act of* 28*th March,* 1835, *sect.* 2.

PER CURIAM.—It is unnecessary to decide whether as to plaintiffs' *fieri facias* there was an irregularity. The sheriff has sold under that writ, and has so returned it. If the objection existed, it was competent to the *defendant* to move the court, before the sale, to set aside the levy, and his acquiescence must be deemed a waiver of the error. Another execution creditor cannot take advantage of the irregularity. As to the other point which has been raised, relative to the issuing of an attachment of execution subsequently to that of the *fieri facias*, we cannot sustain the views taken by the counsel of Mr. Lennig. It is true that we have decided, and the decision is adhered to, that the writs of execution provided by the act of 16th June, 1836, may be issued cotemporaneously, but before execution the defendant may require the plaintiff to elect on which he will proceed, and if the plaintiff does not so elect, the defendant may successfully move to set aside the service of either writ, at his election. But here the *defendant* interposes no difficulty as to the irregularity in this respect, and we cannot take notice of it if suggested by any other person.

Rule absolute.[a]

[a] See Davies *v.* Scott and Grant *v.* Potts, in this volume.